. EASTERN DIST.
*March*, 1838.

COLSSON *vs.* CONSOLIDATED ASSOCIATION BANK.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

COLSSON
*vs.*
CONSOLIDATED
BANK.

12L 105,.
45 366|

In an action by the wife, to rescind her renunciation of her right of mortgage, on the ground that the debt secured did not accrue to her advantage, the judgment of separation of property from her husband will only be received *rem ipsam*. She must prove her claim *aliunde*.

Evidence of the contents of letters, having no relation to the allegation in the pleadings, will not be received.

A paper containing an amicable demand in writing, by the plaintiff, is inadmissible in evidence, when it is so manufactured by him as to corroborate some of the material allegations of the demand.

In relation to matters *en pais*, a general allegation will entitle the party to introduce his evidence, unless the adverse party calls for particulars; but when an authentic act is attacked, the nullities, informalities or fraud, must be specially alleged.

So, where the wife sued to annul an act, in which she renounced her right of mortgage in favor of her husband' screditor, on general allegations of informalities, deception and error, she was precluded from introducing evidence, to show that the act was not read to her.

This is an action instituted by the wife of P. R. Colsson, to annul an act of renunciation, in which she renounced her right of mortgage, in favor of the Consolidated Association Bank, to secure a debt due by her husband.

The plaintiff alleges, that on the 8th of May, 1834, her husband mortgaged his property, to secure a large sum due by him to the bank, in which act of mortgage she concurred, and renounced her privileges and mortgages secured to her by law, on the property of her husband, for the restitution of her dotal and paraphernal property.

She further shows, that her husband's affairs are much embarrassed, so as to endanger her right, and that she has sued to be separated in property from him, and have allowed to her the sum of six thousand six hundred and thirty-one dollars, ninety cents, which he justly owes.

EASTERN DIST.
*March,* 1838.

COLSON
*vs.*
CONSOLIDATED
BANK.

She expressly alleges, that the act of renunciation signed by her the 8th of May, 1834, is null and void, as being prohibited by law, and also because there was error in the motive, and error of fact, and that the president and directors kept her in error as respects her husband's affairs ; that some of the material requisites of law have not been complied with, and that the defendants knew at the time, her husband was insolvent, and concealed the fact from her, which amounts to a fraud on their part, &c. She prays that said act be declared null and void, and that it be cancelled.

The defendants pleaded a general denial, and denied specially the allegations of fraud and deception.

On the trial, the plaintiff offered a witness to prove that the act of renunciation had never been read to her, which was objected to by the defendant's counsel, and sustained by the court, on the ground, that the allegations were too general and indefinite to let in evidence against an *authentic act.* The plaintiff by her counsel excepted. A paper purporting to contain the amicable demand, made by the plaintiff on the defendant, before instituting the suit, was next offered in evidence by the plaintiff, with a view that it might concur in corroborating some of the material allegations of the demand ; it was rejected by the court, on the opposition of the defendant, and the plaintiff's counsel excepted.

The plaintiff also offered to prove the contents of two letters sent from the cashier of the bank, for the plaintiff to sign, relative to a discontinuance of her suit, which were rejected as having no relevancy, and a bill of exceptions taken. She likewise offered the judgment of separation of property from her husband, which was objected to as evidence of the amount claimed by her, and therefore inadmissible. The court received it *rem ipsam,* i. e. that such a judgment was obtained, and its opinion was excepted to by the plaintiff.

In the next place, the plaintiff offered the president of the bank as a witness, to show it had been mismanaged, &c., which testimony was rejected and excepted to.

EASTERN DIST.
*March,* 1838.

COLSSON
*vs.*
CONSOLIDATED
BANK.

Again, a witness was produced to prove, that at the time the act of mortgage was executed, P. R. Colsson was insolvent; to which the defendant's counsel objected, on the ground, that the cause of action of giving a preference to the defendants over other creditors, was prescribed by the article 1982 of the Louisiana Code, which prescription is specially pleaded. The court admitted the testimony, and the defendant's counsel took his exceptions.

Finally, when the cause was about to be submitted to the jury, the court charged, that the renunciation of a married woman of her legal mortgage, for the restitution of her paraphernal property, was not binding on her, and that the provisions in the charter of the Consolidated Association Bank, which authorizes married women to obligate themselves for and with their husbands, was not applicable to the renunciation of the plaintiff in the present case, &c. To the whole of the charge the defendants excepted.

The jury returned a verdict for the defendants, considering the act of renunciation valid.

The plaintiff's counsel moved for a new trial, on the ground, that the charge to the jury was an unprecedented innovation on practice, and contrary to law. 2. That it was misconstructive of the true meaning of the law on this subject, and referred to laws not applicable. 3. The court improperly refused to admit legal evidence; and 4. The verdict is contrary to law.

The application for a new trial was overruled; and from judgment confirming the verdict, the plaintiff appealed.

*Fourchy* and *Magnin* argued to have the judgment reversed, on the various grounds set forth in their bills of exception, and motion for a new trial.

*Derbigny* and *Roselius, contra.*

*Martin, J.,* delivered the opinion of the court.

The plaintiff is appellant from a judgment, which rejects her pretensions to have renunciation of her tacit mort-

EASTERN DIST.
*March*, 1838.

COLSSON
*vs.*
CONSOLIDATED
BANK.

*In an action by the wife, to rescind her renunciation of her right or mortgage, on the ground that the debt secured did not accrue to her advantage, the judgment of separation of property from her husband, will only be received* rem ipsam. *She must prove her claim* aliunde.

*Evidence of the contents of letters, having no relation to the allegations in the pleadings, will not be received.*

*A paper containing an amicable demand in writing by the plaintiff, is inadmissible in evidence, when it is so manufactured by him, as to corroborate some of the material allegations of the demand.*

*In relation to matters* en pais, *a general allegation will entitle the party to introduce his evidence, unless the adverse party calls for particulars; but when an authentic act is attached, the nullities, informalities or fraud*

gage on the property of her husband (in favor of the association) set aside.

She contended, that the renunciation was void by the sole effect of law, as she derived no benefit from the debt of her husband to the association ; that there was error in the motive, and nature, and object of the renunciation, and error of fact, and that the defendants have purposely kept her in error ; that her renunciation was not accompanied with the requisite formalities of law ; that her husband at the time was insolvent, to the knowledge of defendants.

The facts were found against the plaintiff, by the jury. Her counsel has contended, the District Court erred in rejecting witnesses offered by her to prove instances of mal-administration, and ill management of the affairs of the association ; in rejecting the record of the suit in which she obtained a separation of goods from her husband, offered to establish the amount of her claim against him ; in rejecting a witness offered by her, to prove that he had tendered to plaintiff copies of two letters, the originals of which were in the hand writing of an officer of the corporation ; in rejecting a copy of her amicable demand ; in rejecting witnesses, by whom the plaintiff meant to prove that the act of renunciation had not been read to her, as stated therein.

We are unable to discover in what manner she expected to avail herself of the proof of mal-administration.

The judgment of separation was admitted, to establish *rem ipsam ; id est,* that the separation was decreed. The plaintiff was bound to prove the extent of her claim *aliunde.*

The copies of the letters had no relation to any allegation in the petition, and evidence of their contents was properly rejected.

The amicable demand was offered on a suggestion that it might concur in corroborating some of the material allegations of the demand. As this document was manufactured by the plaintiff herself, she could not be permitted to avail herself of it.

The District Court correctly observed, (in refusing to admit witnesses to prove that the act of renunciation had not

been read to the plaintiff,) in the case of allegations of mat- <span style="float:right">EASTERN DIST.</span>
ters in *pais*, a general allegation will be sufficient to entitle <span style="float:right">*March*, 1838.</span>
plaintiff to introduce evidence, unless defendant has excepted <span style="float:right">LEVY</span>
and called for particulars ; but in the case of an authentic <span style="float:right">*vs.*</span>
<span style="float:right">JACOBS ET AL.</span>
act, judgment, etc., the special informalities or grounds of <span style="float:right">must be special-</span>
fraud must be alleged, and cannot be offered under a mere <span style="float:right">ly alleged.</span>
general allegation of fraud, or want of formalities. <span style="float:right">So, where the<br>wife sued to an-</span>

Her counsel has complained of the charge of the judge, <span style="float:right">nul an act, in<br>which she re-</span>
as unprecedented, an innovation on our rules of practice, <span style="float:right">nounced her</span>
misconstructive of the true meaning of the law, and refer- <span style="float:right">right of mort-<br>gage in favor of</span>
ring to laws not applicable to the case. No bill of exceptions <span style="float:right">her husband's<br>creditor, on ge-</span>
was taken to the charge, but the grounds now taken were <span style="float:right">neral allegations<br>of informalities,</span>
unsuccessfully urged in the District Court, on a motion for a <span style="float:right">deception and</span>
new trial. They are endeavored to be supported here, by a <span style="float:right">error, she was<br>precluded from</span>
recurrence to several facts of the charge. On close attention <span style="float:right">introducing evi-<br>dence, to show</span>
they have made no greater impression upon us, than on the <span style="float:right">that the act was<br>not read to her.</span>
judge, *a quo.*

On the merits, we are satisfied of the correctness of the
verdict.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.