Hsu»’, J.
These three oases, No. 1138, No. 1252 and No. 1315 were consolidated and tried together in the lower court.
In the two first, No. 1138 and No. 1252, Walter Cox & Co., the plaintiffs therein, claimed from the succession of Robert King, and in the last of these, No. 1252, also against Martha King, his widow, in solido, the amount of several promissory notes, all drawn by Robert King, with a special mortgage to secure them, in virtue of a notarial act, passed before the Recorder of the Parish of Tensas, on the 2d April, 1861, in which act is contained the renunciation of Mrs. Martha King.
Mrs. Martha King intervened in the suit No. 1138, and answered in the suit No. 1252, claiming to be the owner of some of the lands mortgaged, and attacking as a nullity, her renunciation in the act of mortgage of 2d April, 1861. In the suits No, 1138 and 1252 there was an *210 intervention, on the part of the Bank of Louisiana; also of the estate of Robert C. Cammack; and also of Washington, Jackson & Go., holders, as transiences of W. Cox & Co., of some of the notes of Robert King, for which they ask a judgment thereon, with a priority on the proceeds of the sale of the mortgaged property. In the suit No. 1315, Mrs. Martha King claimed from the succession of her husband, the amount of her paraphernal rights, and in this suit Waltér Cox & Go., intervened, contesting Mrs. King’s claim so far as it might affect them.
The administrator of Robert King’s succession, sets up in his answer to Mrs, King’s suit, a claim for improvements placed on Mrs. King’s plantation during the marriage, and consequently community property.
Upon these several issues, the Court below in the same decree gave judgment in favor of Walter Cox & Co., against the succession of Robert King, for the whole amount claimed by them in their two suits, No. 1138 and 1252, and recognized the mortgage in their favor, of 2d April, 1861, on all the property described in the act, except certain property belonging to Mrs. King, admitted to have been properly excluded.
The Court also gave j udgment in favor of the intervenors in suit No. 1138 and No. 1252, the Bank of Louisiana, the estate of R. C. Cammack, and Washington Jackson & Co., subrogating them to the right of mortgage claimed by Walter Cox & Go., to the extent of the respective amounts of their respective notes filed with the petition of intervention, and decreeing that the proceeds of the sale of the mortgaged premises be applied to the payment of the said notes of intervenors by preferance and priority as mortgage creditors subrogated to the rights of Walter Cox & Go.
The Court also gave judgment in favor of Mrs. Martha King against the succession of her deceased husband for the amount of her paraphernal property claimed by her, with a legal and tacit mortgage upon all the real estate of the said succession, from the date of the receipts of her money by her husband, the last of which was paid to him not later than 1855. , '
It was also, by the said judgment, decreed that Mrs. Martha King’s renunciation of her matrimonial rights in the notarial act of 2d April, 1861, was null and void.
From this judgment, Walter Cox & Co. have appealed, and in this court, they say they are aggrieved by the whole judgment, for two reasons:
First — That the District Judge admitted parol testimony to contradict the contents of the notarial act of mortgage, as stated in the bill of exceptions, to which our attention is specially called, and
Second — That some of the notes drawn by Robert King, held and transferred by Walter Cox & Co. to the intervenors, the Bank of Louisiana, the estate of R. C. Cammack, and Washington Jackson & Co., were not covered by the mortgage granted by King.to Cox & Co., and that these intervenors were not subrogated to any right which they acquired under that mortgage.
The correctness of that part of the decree which annuls Mrs. King’s renunciation, depends entirely upon the question whether the Court below correctly overruled the objections urg*>,d by Cox & Co. and the intervenors, claiming to hold under them, to the testimony received by *211 the Court, upon which its decision was based. These objections were:
1st. That the notarial act of mortgage is in due legal form, and no parol testimony can be admitted to contradict what is stated in said act.
2d. That the validity of the act cannot be collaterally inquired into, but it can only be done by a direct action, to which the notary who passed the act must be made a party.
3d. That the renunciation of the wife is binding, if the notary certifies that all the forms of law have been complied with, until the notary is charged and convicted of fraud.
All these objections to the parol evidence received on the trial of the case may be examined together.
The first ground is a mere enunciation of article 2256 of the Civil Code. This salutary rule applies to acts intrinsically valid, and not to such as are attacked to be declared null on account of fraud, in which a different rule, well defined in the case of Williams v. Vance, 2 An. 909, obtains. In that case the Court observed, “The evidence ought to have been received. It went to show that the written contract never had any legal existence or binding force. Fraud vitiates all contracts ; those who practice it rarely commit the imprudence of affording written proof of its existence; and if the injured were not permitted to expose it by oral evidence, they would, in almost all cases, be remediless. Hence the admission of parad evidence for such purpose to defeat written contracts has become a rule of universal jurisprudence. Story’s Equity, vol. 2, §1531. G-reenleaf on Evidence, §2á8. Broussard v. Sudrique, & La. 351.”
It is, however, urged that the act being a notarial one, it cannot be attacked collaterally, and that in a direct action for that purpose the notary must be made a party, and that until the notary is charged and convicted of fraud, the renunciation of the wife is binding on her.
The action of the wife to annul the renunciation made by her in the act of mortgage on the 2d April, 1861, was a direct one; but, had it not been so, it should have been excepted to, which was not doné in the lower court.
She pursued the remedy pointed out by this Court in the case of Lewis’ Heirs v. His Executors et als., 5 La. 395. In that case, the Court examined the whole practice in France, in relation to the inscription de faux, the faux principal and the faux incidentals, and pronounced that remedy inapplicable here.
The Court observed : “Our practice in Louisiana, it appears to us, is more simple and direct, and attains the ends of justice just as efficiently. We do not wait for a judgment in the criminal prosecution, because it could not be evidence against those whose civil rights were affected by the instrument. Instead of the faux incidentals, we permit the party attacking the instrument, to introduce the proof in the civil suit; and all we require of him is, that if the act emanates from him, or is alleged to emanate from him, he shall attack it directly, and put his opponent on his guard. 6 N. S. 512.
“We see no reason to change our practice; positive law does not require us to do so — convenience does not. Under our code, we think there is the same authority to bring a suit to set aside an instrument which *212 stands in the way, and obstructs the enjoyment of a right to property, as there is to sue directly for that property itself ; and if the suit can be brought, the proof may be admitted, unless we come to the conclusion that what notaries do, is binding on the whole world, which is not pretended, and could not be maintained.”
The opinion pronounced in Lewis’ Heirs v. His Executors et als., from which we have just made a copious extract, and which meets our full concurrence as a sound exposition of what our practice in Louisiana is in prosecuting suits to annul authentic acts on account of fraud, is not adverted to in the matter of the Succession of Tete, reported in 7 An., page 95, and relied upon as authority in this case. As the opinion and decision in that case, dissented to by Mr. Justice Slidell, was afterwards held up, upon a rehearing, and never finally decided, it can hardly be deemed authoritative.
In the case of Colsson v. Consolidated Association Bank, 12 La. 105, the Court, in a case analogous in subject-matter to the one now at bar, said: “The District Court correctly observed, (in refusing to admit witnesses to prove that the act of renunciation was not read to the plaintiff,) that in the case of an authentic act, judgment, etc., the special informalities or grounds of fraud must be alleged, and cannot be offered Under a mere general allegation of fraud, or want of formalities.’
The evidence of witnesses in that case was properly excluded, not because such evidence was not admissible, but because the special informalities or grounds of fraud, were not, as they are in this case, alleged.
No objection on that score, nor indeed any other, was made, except on the grounds specially stated in the bill of exceptions to which we have adverted.
The Court below did not err in receiving the parol evidence. It is clear, cogent and conclusive to establish the fraud, and we can finally dispose of the case without remanding it to make the notary a party, as' the appellant suggests should be done.
As to the recognition by the court below of the mortgage to secure the payment of the notes held and sued on by W. Cox & Co., and of those transferred to and sued on by the interveners, the Bank of Louisiana, the estate of Robert O. Cammaek, and Washington Jackson & Co., all bearing date prior to that of the act of mortgage, which probably represented a part of the item of fifty thousand dollars, stated in the act to be already due by Robert King to W. Cox & Co., we are satisfied that the Court erred, as no portion of that item, nor of the notes in controversy, was covered by the act of mortgage of the 2d April, 1861, which was given merely to secure future indebtedness “to be evidenced by accounts current between the parties.”
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be so amended as to strike out therefrom, and disallow any mortgage under the act of 2d April, 1861, in favor of W. Cox & Co., or of the Bank of Louisiana, the estate, of Robert C. Cammaek, or Washington Jackson & Co., to secure the payment of the notes sued on respectively by these parties, and that so amended, the judgment be and it. is hereby affirmed, at the costs of the appellant.